UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK STRADLEY, | Case No. 2:19-CV-1748-MMD-CLB |
| Plaintiff, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1] |
| v. | |
| J. DZURENDA, et al., | |
| Defendants. | |

Before the court is plaintiff's failure to comply with Local Rule ("LR") IA 3-1 requiring plaintiff to change his address.

On October 15, 2020, High Desert State Prison returned the court's order setting inmate mediation conference with a handwritten note indicating plaintiff had been paroled (ECF No. 15). The court then issued an order requiring plaintiff to file an updated address and to either pay the full filing fee or file an updated *in forma pauperis* application (ECF No. 16). That order was also returned and marked 'paroled.' (ECF No. 17). Thereafter, the court vacated the inmate mediation but offered plaintiff one final opportunity to file a change of address by December 7, 2020 (ECF No. 18). Plaintiff was cautioned that his failure to do so would result in a dismissal of this action. (*Id.*) That order was also returned to the court and marked 'paroled.' (ECF No. 19).

To date, plaintiff has not filed a notice of change of address with the court. In fact, plaintiff has not filed a document with the court since December 2019 (ECF No. 8). LR IA 3-1 provides that the failure to "immediately file with the Court written notification of

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

any change of address . . . may result in dismissal of the action . . . ."

Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  This litigation cannot proceed or be decided on the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be required to continue to try to resolve the case without the plaintiff's participation.  All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the court recommends that this case dismissed based upon plaintiff's failure to notify the court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** for plaintiff's failure to comply with LR IA 3-1.

DATED:  December 11, 2020.

_____
UNITED STATES MAGISTRATE JUDGE